C. C. WASHBURN FLOURING MILLS CO. *vs.* MINNEAPOLIS & ST. LOUIS RY. CO. *et al.*

Submitted on briefs Dec. 21, 1893.   Affirmed Jan. 12, 1894.

No. 8342.

Evidence *held* to justify the findings of fact.

Appeal by defendants, Minneapolis & St. Louis Railway Company and W. H. Truesdale, receiver, from an order of the District Court of Hennepin County, *William Lochren,* J., made January 31, 1893, denying their motion for a new trial.

The plaintiff, the C. C. Washburn Flouring Mills Company, is a corporation and owns three flouring mills and a grain elevator all situated upon blocks 100 and 101 in the original plat of Minneapolis. On the property were two railroad tracks extending from Eighth Avenue South in a northwesterly direction 576 feet. They were constructed in 1879 by the railway company on Washburn's land and the Court found that he subsequently paid the railway company the expense of their construction. The two tracks were used and kept in repair by the railway company. Washburn's property was subsequently conveyed to the Flouring Mills Company, and it brought this action March 5, 1892, to determine the rights of the parties to these tracks. The trial Court found that the plaintiff owned the two tracks and directed judgment accordingly. Defendants moved for a new trial, and being denied they appeal.

*Albert E. Clark* and *W. F. Booth,* for appellant.

The most that can be claimed on behalf of the plaintiff is, that in 1878 the Railway Company built a track over the Mill Company's land to the elevator. This amounts simply to a license to the Railway Company to build its tracks over the Mill Company's land. The track, when built, did not become the property of the land owner, but remained the property of the Railway Company. *Justice* v. *Nesquehoning Valley R. Co.,* 87 Pa. St. 30; *Wiggins Ferry Co.* v. *Ohio & M. Ry. Co.,* 142 U. S. 396; *Northern Cent. R. Co.* v. *Canton*

*Co.,* 30 Md. 347; *Wagner* v. *Cleveland, &c., Ry. Co.,* 22 Ohio St. 563; *Merchants' Nat. Bank* v. *Stanton,* 55 Minn. 211.

*Koon, Whelan & Bennett,* for respondent.

This is one of a series of actions which have been before this Court, all growing out of a claim made by the defendant, the Minneapolis & St. L. Ry. Co., to the ownership of the land upon which certain railway tracks were laid in the vicinity of the tracks and land in question in this case. *Minneapolis Mill Co.* v. *Minneapolis & St. L. Ry. Co.,* 46 Minn. 330; 51 Minn. 304.

The questions in this action are all questions of fact, and have been determined by the trial Court in favor of the plaintiff upon sufficient evidence and should not be disturbed.

GILFILLAN, C. J.   The court having found as a fact that the plaintiff is the owner of the tracks in controversy, the only question in the case is, did the evidence justify that finding?   There seems no evidence contradicting that on the part of the plaintiff, that when the grading and laying of the ties and rails on plaintiff's land was done, in 1878 or 1879, although the work was done and materials furnished by the defendant, Washburn paid it for them.   The work having been done and materials placed on plaintiff's land, the tracks were its property, unless there was some agreement, express or implied, that they were to be the property of the defendant.   What was done in 1878 or 1879 showed there was no such agreement at that time; and although defendant, while subsequently using the tracks, kept them in repair until it had entirely renewed the rails, there was nothing in that to require that an agreement should be implied that the tracks were to belong to defendant.

Defendant's use of the tracks was under the license of the plaintiff until within a year or two before suit brought, when it asserted a claim of ownership.   While using the tracks under license of the plaintiff, its possession was not adverse to plaintiff.

Order affirmed.

(Opinion published 57 N. W. Rep. 309.)