## Sansotta *v.* Pittsburgh, Appellant, et al.

Argued March 24, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry C. Beschel,* Assistant City Solicitor, with him *Churchill Mehard,* City Solicitor, for appellant.

*W. W. Stoner,* with him *J. M. Stoner & Sons,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1938:

Nick Sansotta brought suit against the City of Pittsburgh to recover damages for injuries sustained in a fall on the alleged-to-be-negligently-maintained sidewalk in front of the building No. 85 Logan Street in that city. The municipality issued a writ of scire facias to bring upon the record, as additional defendant, Jacob A. Fuss, the record owner of the premises. He filed an affidavit of defense, denying liability and alleging that the premises at the time of the injuries to Sansotta were in the sole control and possession of Marcus W. Stoner, trustee of the estate of Amanda M. Dewhurst, deceased, as mortgagee, who had taken control and possession by reason of defaults in the payments provided for in the mortgage. Thereupon the city, by a writ of scire facias, brought Marcus W. Stoner, individually and as trustee, upon the record, the writ setting forth that Stoner, in-

dividually and as trustee, is liable over to the city by reason of the fact that he "was mortgagee in possession of the property at 85 Logan St., Pittsburgh, Pa., on Dec. 2, 1935, and hence is primarily responsible for the defective and icy condition of the sidewalk in front of said premises, which plaintiff alleges caused the injury for which suit is brought, and which additional defendant had knowledge of."

The court made absolute a rule to show cause why the writ of scire facias should not be quashed, issued at the instance of Stoner, and from this action the city appeals.

The writ is a pleading, *Vinnacombe v. Phila.*, 297 Pa. 564, 147 A. 826, *Aultman v. Pittsburgh*, 326 Pa. 213, 192 A. 112, and as such does not sufficiently show liability upon the part of Stoner. Merely to say that a mortgagee is in possession of property is not enough to fix him with responsibility for its condition and to impose upon him a duty to repair. The responsibility for its condition and the duty to repair are that of the owner or the tenant in possession. It was stated at bar by the assistant city solicitor, who presented the appellant's case, and in a supplemental brief filed, that Stoner was in possession in the sense that he as mortgagee was collecting the rents. This would not make him liable over to the city. But entirely aside from this statement, there would have to be more set forth in the scire facias to make out a prima facie case against the additional defendant other than merely that he was mortgagee in possession. The scire facias was defective on its face, so far as importing liability upon Stoner is concerned and therefore was properly quashed.

We do not mean to say that there can be no liability on the part of mortgagees in possession of property: *Fuller v. French,* 51 Mass. 359; *Ferman v. Lombard Investment Co.,* 56 Minn. 166, 57 N. W. 309; 41 C. J., Sec. 581. Under circumstances where a mortgagee is in actual control and possession, there may well be, but facts showing this or other necessary requirements must

appear in the pleading, otherwise it is demurrable. In
this case, both parties treated the motion to quash the
writ as though it was a demurrer.

The order is affirmed at appellant's cost.