## Weigand v. American Stores Co. et al.

446

*Louis Jacobs*, for plaintiff.

*Francis F. Burch*, city solicitor, for City of Philadelphia, defendant.

*White & Staples*, for American Stores Company, defendant.

*F. R. Ambler*, for additional defendants.

SLOANE, J., January 21, 1942.—Plaintiff sued the two original defendants because of a fall (and resulting injuries) on the sidewalk adjoining certain premises in West Philadelphia. He says he fell on the west side of Forty-eighth Street, south of the middle of a 15-foot driveway.

The city joined the owners.

American Stores Company, the tenant, petitioned to join the other additional defendants because all of them had the right as tenants of the same owners to use the same driveway as rear entrances to their respective places, and did. Nine tenants were joined as additional defendants.

Three of them have filed this rule and motion to dismiss the petition and order joining them, on the grounds: (1) No cause of action is stated against them, (2) there is a variance between the cause as stated by plaintiff and as stated in the joinder petition.

1. The right to join additional defendants is prescribed by Pa. R. C. P. 2252(*a*). Subdivision (*b*) of that rule gives the form of petition for exercising that right. That means plainly the statement of a cause of

action, as required of a statement of claim under the Practice Act of May 14, 1915, P. L. 483.[1]

The petition to join the additional defendants fails in that. All that it says can be summarized in the sentence: "We all had joint possession and use of this driveway and while we do not admit liability in this case, if there is any, the additional defendants are liable with us, jointly and severally." Possession or use is not enough to bring about responsibility. See Sansotta v. Pittsburgh et al., 330 Pa. 199 (1938). I could surmise for example that, though possession or use of the driveway exists in the additional defendants, responsibility for its good care rests alone with the owners,[2] or with the American Stores Company, or I could surmise that the duty of care rests with one or more or all of these nine additional defendants, and that injury came from the failure to perform that duty. But I do not know and the petition to join does not enlighten me. In the absence of an averment to show some duty on the part of these additional defendants there is no cause of action. It is an a priori principle that negligence involves the existence of a duty, not the existence of a right. Duty does not necessarily follow from right, and the right to use the driveway does not without more create the duty of keeping it free of unreasonable risk of harm to others. See Cohen v. P. R. T. Co. et al., 13 D. & C. 465, 466 (1930).

I think though that we ought to give the American Stores Company a chance to amend lest it be said we turned them away without disposition on the merits. See Townsend et al. v. Universal Ins. Co., 129 Pa. Superior Ct. 188, 191 (1937).

---

[1] So it was under the Scire Facias Act of April 10, 1929, P. L. 479, as amended, 12 PS §141. See Lumen v. Paley et al., 342 Pa. 317, 319 (1941), and Hoffman et ux. v. Repp et al., 337 Pa. 486, 487 (1940).

[2] See Bruder v. Philadelphia et al., 302 Pa. 378, 385 (1931), and Baxter et al. v. Borough of Homestead et al., 120 Pa. Superior Ct. 182, 185 (1935).

2. The second objection pertains to an alleged inconsistency between plaintiff's statement of claim and defendant's petition for joinder in specifying the exact location of the defect in the sidewalk. This, it is argued, constitutes the averment of a different cause of action, and renders the petition legally insufficient. We dismiss this objection, because it is one which the additional defendants are not permitted to assert. See Goodrich-Amram, §2256(a)-1, p. 70. This is in accord with prior practice under the Scire Facias Act of 1929, in connection with which it was stated that, when the sufficiency of the writ is challenged by the additional defendant, "The only allegations to be considered are those contained in the præcipe itself and in the writ of scire facias": Minery et al. v. Amistadi, 17 Wash. Co. 115, 117 (1936). Exposition of this rule is plain: the averments contained in plaintiff's statement of claim are not the averments of the original defendant, and it is certainly possible that the true facts of the case are those asserted by the original defendant, in which event it should be entitled to avail itself of the procedure for joining those persons who are responsible with it, or in its stead. The factual situation is strictly a matter of proof, to be established at the trial, and defendant should not be precluded from asserting its rights because of erroneous allegations for which it is not responsible. Consequently, all that the rules require of the original defendant, in this respect, is that it set forth, in its petition for joinder, those facts which it, the original defendant, relies upon to establish the liability of the additional defendant. Defects as to these averments may be reached by the motion to dismiss, but the averments of plaintiff's statement of claim are not to be considered. The latter pleading is served upon the additional defendant merely "to enable the additional defendants to know the nature of the claim for which the original defendant alleged the additional defendants were liable, in whole or in part": First Na-

tional Bank of Pittsburgh v. Baird, 300 Pa. 92, 98 (1930).

### Order

And now, January 21, 1942, the American Stores Company is given leave to file an amended petition within 15 days from this date, otherwise the motion to dismiss the petition and order of joinder dated October 31, 1941, is sustained, and this action is dismissed as to Jennie Koff, individually and trading as Ellick's Sea Food Store, and Ben Paul and Barney Paul, individually and trading as Paul's Food Shop.