Bowers *v.* Gladstein, Appellant, et al.

Argued February 6, 1935. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas E. Comber, Jr.,* for appellant.

*Todd Daniel,* for appellee, was not heard.

PER CURIAM, March 25, 1935:

In this case, the original defendant issued a writ of scire facias to bring in an additional defendant, in the way provided by the Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807. On motion and after a hearing of the

parties, the court below quashed the writ, and the original defendant appeals.

Plaintiff's claim is in trespass for damages, for injuries to her not resulting in death, which she alleges she sustained as the result of an automobile collision on March 1, 1932. Defendant's sci. fa. to bring in the additional defendant was issued May 23, 1934. It avers that the additional defendant is "alone liable for the cause of action declared on" by plaintiff and requires her to make answer in fifteen days "with her reasons therefor." Under such circumstances, as we pointed out in Shaw v. Megargee, 307 Pa. 447, 451, the issuing of the sci. fa. "was too late. Section 2 of the Act of June 24, 1895, P. L. 236, provides that 'Every suit hereafter brought to recover damages for injury wrongfully done to the person, in cases where the injury does not result in death, must be brought within two years from the time when the injury was done *and not afterwards.*'" Here it was issued two years, two months and 22 days after the time the injury is alleged to have been done.

Apparently recognizing that the statute was a complete bar if the allegation was of a sole liability of the additional defendant to the plaintiff for the cause of action sued on, the original defendant alleges in his brief, that in one place in the sci. fa. it requires defendant to answer "fully and specifically denying, with the reasons therefor, alone liability over to said defendant joint or several liability with said defendant for the whole of any recovery which may be had against said defendant in said suit." This clause is but little more than a rigmarole, but giving to it all the effect appellant claims for it, the basis of the contention founded on it is that because of the words "joint or several liability" the clause must be interpreted to mean a liability with the original defendant to plaintiff and not a sole liability for the entire recovery by plaintiff. This contention is, however, repeatedly negatived in the writ. It is evident that, through the error of some one, the words "joint or several liabil-

ity" in the printed form of the writ, were allowed to remain instead of being erased, as they should have been, in view of the clear and express allegations of sole liability. The contention fails, however, for another reason. If the writ avers both a sole liability over to the original defendant for the entire recovery of plaintiff against him, and a joint and several liability with the original defendant, then the writ is bad for duplicity and for that reason was properly quashed.

Doubtless, also, the court below properly quashed it for the further reason that appellant, in its issuance, violated the court rules; but it is unnecessary, in view of what we have already said, to elaborate the point.

The order of the court below is affirmed and the appeal is dismissed at the cost of appellant.