## Brewer et ux. v. Brodhead, Administrator, et al. No. 2

L. A. Achterman, for plaintiffs.
Eilenberger & Huffman, for defendants.

SHULL, P. J., November 28, 1938.—On October 8, 1937, plaintiffs in this case brought their action in trespass against Thomas C. Brodhead, administrator of the estate of Rodney G. Brodhead, deceased, seeking damages for personal injuries and for injuries causing death, which injuries resulted from an automobile collision.

On May 7, 1938, service of plaintiffs' statement was accepted by Eilenberger & Huffman, counsel of record for defendant.

On May 17, 1938, a praecipe for scire facias against David W. Powell, as additional defendant, was filed, and on June 1, 1938, Ira A. LaBar, Esq., entered appearance de bene esse for David W. Powell, additional defendant.

On June 2, 1938, upon petition of David W. Powell, rule to show cause why writ of scire facias, service and return should not be striken off and quashed was issued, and it is upon that rule that this matter is now before the court.

It is urged by counsel for David W. Powell, additional defendant named, that this writ of scire facias should be stricken off and quashed for the reason that, at most, the facts set forth in the scire facias show a joint liability of the additional defendant. With this contention we do not agree, for, as we view it, the facts set forth might well be held to allege a sole liability upon the part of the additional defendant. The greatest iniquity in this præcipe and writ of scire facias is that it alleges that the additional defendant is "liable over" for the whole amount which may be recovered against the original defendant in this action. "Liable over" presupposes a primary and a secondary liability. Under the facts here alleged, that situation does not and could not exist. While under the law primary and secondary liability exists in certain cases, (as between a municipality and a property owner), such liability cannot exist as between individuals except through contract, i. e., master and servant, etc. Were it within our discretion to permit an amendment of this writ, we would do so, but under the circumstances here

we may not do so for several reasons. As this writ stands, it in no wise complies with the Scire Facias Act and consequently has in it no life, and, on the same principle that a court may not permit the introduction of a new cause of action by amendment to a plaintiff's statement, amendments may not be permitted which would give life or force to a writ which does not possess the same. Next, the appearance here is a de bene esse appearance and this defendant is not generally in court; and further, this pleading is not in effect an alternative pleading and, under the principles governing the case of Bowers v. Gladstein et al., 317 Pa. 520, it must be quashed.

Defendant in this case urges that the original defendant in this action, i. e., Thomas Brodhead, administrator of the estate of Rodney G. Brodhead, deceased, cannot bring in an additional defendant by scire facias for the reason that section 35 (b) of the Fiduciaries Act of June 7, 1917, P. L. 447, authorizing an executor or administrator to begin an action for personal injury to his decedent, was held unconstitutional in the case of Strain, Admr., v. Kern, 277 Pa. 209. This decision remained in force until the amending Act of July 2, 1937, P. L. 2755, was passed permitting administrators to "commence and prosecute all actions . . . which the decedent whom they represent might have . . . prosecuted".

The accident on which this suit is based occurred February 21, 1937. The rights of the parties were fixed as of that time. Had Brodhead survived, he could have "begun and prosecuted" a writ of scire facias when he was sued by plaintiffs. His administrator cannot "begin and prosecute" a scire facias bringing Powell upon the record as additional defendant simply because of the fact that when this accident happened and when the rights of the parties became fixed, there was no right and authority existing in the administrator "to begin and prosecute" an action against somebody else.

On account of the newness of the amendment of 1937 we find no Supreme Court decision construing said act,

but the same has been passed upon by two lower courts, first in the case of Moser, Admr., v. Merring, 32 D. & C. 93, in an elaborate opinion by Judge Laub. The Act of April 1, 1937, P. L. 196, was held not to apply in the case of a death occurring before its passage. The same ruling was also held by Oliver, P. J., in the case of Lutge, Admx., v. Rosin et al., 32 D. & C. 338. In the latter case the accident occurred before the passage of the Act of 1937, but the death occurred after the passage of said act.

The Fiduciaries Act of 1917, supra, sec. 35(*b*), could have no bearing upon this matter were it constitutional, nor does the Act of July 2, 1937, supra, or the Act of April 1, 1937, supra. Proceedings under the Scire Facias Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, and further amended by the Act of May 18, 1933, P. L. 807, and as still further amended by the Act of June 25, 1937, P. L. 2118, do not constitute the bringing and prosecution of an action. In cases such as the one before us, under no circumstances could there be a verdict awarding the original defendant anything, and the bringing of an action for damages presupposes the seeking of an award of damages proven. The purpose of the Scire Facias Act is to avoid a multiplicity of law suits, and in cases such as this, in view of the fact that there never has been a time when under the law an administrator or executor of a decedent's estate could not present any and all defenses that his decedent might have had to an action, it is in no wise inconsistent that with the right to present a defense or defenses such administrator should have the legal right to bring into court, under conditions which would give to that defendant the right to cross-examine, the party he alleges to be liable for the damages which are claimed of the estate that he represents, and that he should not be bound by his testimony, as he would be if he brought such party into court under a subpœna.

As we have stated, the issuing of a scire facias under the Act of 1929 and its amendments is not the beginning

and prosecution of an action within the legal meaning of those words, either before or after the passage of the Act of July 2, 1937, P. L. 2755. The Scire Facias Act is a procedural act and procedure under it is just as open to an administrator or executor of a decedent's estate as it is to any other party.

And now, November 28, 1938, for the reasons above set forth the rule to show cause why the writ of scire facias, together with the service and return thereof, should not be set aside, stricken off, and quashed is made absolute, and the writ, service, and return is set aside, stricken off, and quashed without prejudice.