## Marino et al. v. Yellow Cab Company of Philadelphia et al.

*George C. Klauder,* for plaintiffs.

*Bernard G. Segal,* for defendant Yellow Cab Company.

*Francis F. Burch,* city solicitor, and *Israel K. Levy,* assistant city solicitor, for City of Philadelphia, additional defendant.

BONNELLY, J., September 30, 1940.—This case arises out of an automobile collision between a car owned by the City of Philadelphia, driven by Bronislaw Wieleba, a city policeman, and in which Frank Marino, also a city policeman, was a passenger, and a taxicab of the Yellow Cab Company of Philadelphia, driven by its employe. Wieleba and Marino brought a joint action in trespass against the Yellow Cab Company of Philadelphia, filing separate statements of claim. Defendant Yellow Cab Company filed an answer to Wieleba's statement of claim and averred a counterclaim against Wieleba. Defendant also filed a separate answer to Marino's statement of claim. Thereafter, defendant Yellow Cab Company petitioned the court to join the City of Philadelphia, as an additional defendant. This petition set forth allegations of fact describing the happening of the right-angle collision and alleged the neg-

ligence of Wieleba, driver of the city car. The petition then concluded as follows:

"By reason of the above-stated facts, said City of Philadelphia and Bronislaw Wieleba are alone liable for any injuries caused to plaintiffs by said collision or are jointly or severally liable therefor with defendant."

Pursuant to this petition, Judge Bluett granted the order joining the city as an additional defendant. The city then filed a motion to dismiss the petition for joinder of the additional defendant and the order of the court thereon.

In support of the motion to dismiss the petition of joinder, the city raises three points:

1. That the petition is bad for duplicity, because it alleges in the alternative that the city is "alone liable for any injuries caused to plaintiffs . . . or jointly or severally liable therefor with defendant";

2. That the petition is further defective, in that defendant filed only one petition, whereas two separate petitions of joinder were required;

3. That in any case, because of the relationship between plaintiffs and the city (employer and employe), the city could not be sued originally by plaintiffs and, therefore, cannot be brought in as an additional defendant by the original defendant.

Considering these points separately, and in the order in which they are set forth, we are of the opinion that the city's first two contentions that the petition be dismissed for duplicity are without merit.

The practice which governs the summoning of additional defendants is based upon Rule 2252 of the Rules of Civil Procedure. This provides that the original defendant may petition the court for leave to join as an additional defendant a party: (1) Who may be alone liable to plaintiff; or (2) who may be liable over to the original defendant; or (3) who may be jointly or severally liable with the original defendant to plaintiff.

The notes to Rule 2252 state:

"The grounds upon which a person may be joined as an additional party are those justifying the joinder of an additional defendant by the writ of scire facias by the Act of 1929, as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807. The Amendment of June 25, 1937, P. L. 2118, which permits a more liberal use of the writ of scire facias is suspended."

Cases decided under the Scire Facias Act of April 10, 1929, P. L. 479, and amendments of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807, are, therefore, pertinent if they are otherwise apposite.

A careful analysis of the appellate decisions leads us to the conclusion that the present petition need not be dismissed on the ground of duplicity.

Thus, in Bowers v. Gladstein et al., 317 Pa. 520, plaintiff brought an action of trespass against defendant for injuries sustained in an automobile collision, which took place on March 1, 1932. On May 23, 1934, defendant issued a writ of scire facias to bring an additional defendant on the record. The additional defendant moved to quash the scire facias on the ground that it issued too late, having been filed more than two years after the injuries occurred. The facts set forth in the writ of scire facias placed the entire responsibility for the collision on the additional defendant alone. And the theory of the scire facias was that the additional defendant was alone liable to plaintiff. Consequently, additional defendant's contention that the scire facias was issued too late was, undoubtedly, correct. However, in order to avoid this obvious result, the original defendant in the argument of the case pointed to a phrase in the printed writ of scire facias, which alleged also "joint or several liability." In a per curiam opinion, the Supreme Court affirmed the lower court's decision quashing the writ on the ground that it was issued too late. In answer to the contention of the original defendant that the writ of scire facias alleged also a joint or several liability, the court expressed its opinion that the phrase "jointly or severally liable" was

meaningless and was inadvertently left in the printed form of the scire facias writ. The court stated in Bowers v. Gladstein et al., p. 522:

"It is evident that, through the error of some one, the words 'joint or several liability' in the printed form of the writ, were allowed to remain instead of being erased, as they should have been, in view of the clear and express allegations of sole liability."

The court then pointed out that, even assuming that the writ of scire facias was intended to set forth a joint or several liability, the writ would have to be quashed for duplicity, since it averred "both a sole liability over to the original defendant for the entire recovery of plaintiff against him, and a joint and several liability with the original defendant . . ."

In Clineff v. Rubash et al., 126 Pa. Superior Ct. 82, the court in considering the opinion of Bowers v. Gladstein et al., supra, referred to the statement on duplicity as being merely dictum.

However, we may take it that the dictum of Bowers v. Gladstein et al., relating to duplicity has been approved by the Supreme Court recently in Hoffman et ux. v. Repp et al., 337 Pa. 486. But that dictum is not controlling under the facts of this case. In both Bowers v. Gladstein et al. and Hoffman et ux. v. Repp et al., supra, there was an inconsistency between the facts alleged in the writ of scire facias and the theory of the joinder of the additional defendant. Thus, in Bowers v. Gladstein et al., the allegation of fact permitted only one conclusion—that the additional defendant was alone liable to plaintiff. The Supreme Court referred in its opinion to "the clear and express allegations of sole liability." Consequently, the conclusion of the writ of scire facias that the additional defendant was jointly or severally liable with the original defendant was not consistent with the facts alleged. A clear case of duplicity in pleadings was therefore presented.

So, too, in Hoffman et ux. v. Repp et al., supra, there was an inconsistency between the facts alleged in the writ of scire facias and the theory of joinder. The original defendant issued a scire facias on the theory that the additional defendant was "liable over" to him but alleged facts which, if true, would have made the original defendant alone liable to plaintiff. Consequently, the writ was bad for duplicity. That this is the true basis for the finding of duplicity is evident from this statement appearing in the per curiam opinion in Hoffman et ux. v. Repp et al., p. 488:

"The averments are totally inconsistent with the assertion of liability over. Such duplicity is fatal to the statement of a valid cause of action: see *Bowers v. Gladstein,* 317 Pa. 520, 523."

Neither of these two decisions is controlling in the present case for the reason that, here, the facts set forth by the original defendant may be consistent with the exclusive liability of the additional defendant, or with the joint liability of both the original and the additional defendant. It is true that the Yellow Cab Company denies that its driver was negligent. However, in a case of a right-angle collission it is not inconceivable that the jury upon considering the evidence may properly reach the conclusion that both drivers were negligent. If the Yellow Cab Company had alleged in the petition to join the city as an additional defendant that the city was liable over to it, then such a theory would have been inconsistent with the facts set forth in the petition and, under such supposition, the petition for joinder would be bad for duplicity under the rulings of our Supreme Court in Bowers v. Gladstein et al., supra, and Hoffman et ux. v. Repp et al., supra.

We must bear in mind what Mr. Justice Maxey said, speaking for the Supreme Court in Majewski et al. v. Lempka et al., 321 Pa. 369, 374, in referring to the Scire Facias Act, supra, and its amendments:

"The legislation is remedial and is intended to avoid multiplicity of suits. The original defendant is given the

opportunity of bringing in other interested parties to the end that their liability, if any, may be determined at the same time the original defendant's liability is adjudicated."

Furthermore, as Judge Parker well stated in Clineff v. Rubash et al., supra, p. 85:

"This legislation, intended to avoid a multiplicity of suits, necessarily gives rise to situations where not only may there be presented to one jury an issue between plaintiff and defendants and also an issue between the respective defendants, but the jury may be required to determine whether the liability of the respective defendants to the plaintiff is *sole or joint and several.* Defendants are entitled not only to have determined their respective liability to the plaintiff, but also to have an adjudication as to whether either is solely liable *or whether they are jointly liable.* This is a necessary result of the creation of a new issue or issues in addition to that made by the original pleadings." (Italics supplied.)

It is our conclusion, therefore, that the petition of joinder filed by the Yellow Cab Company is not bad for duplicity, because it sets forth the theories of sole liability and joint or several liability in the alternative.

The city further complains that only one petition was filed by the original defendant, insisting that it was necessary to file two separate petitions to join the city as additional party defendant.

This is a joint suit brought by Marino and Wieleba against the Yellow Cab Company. Only one writ in trespass was issued, by virtue of which and service of summons the Yellow Cab Company became a party defendant. Rule 2252 merely requires a defendant to "petition the court for leave to join" an additional defendant. It does not require the original defendant to file a separate petition for each plaintiff. We see no reason for reading such a requirement into the rule where a joint suit is brought.

We come now to a consideration of the third point raised by the city, which is, perhaps, the most complicated and the most difficult raised in this issue. The city contends that, under the facts set forth in the pleadings in this case, it cannot be joined as an additional defendant, because plaintiffs are employes of the city and therefore are barred from suing the city in a common-law action of negligence. The argument advanced is that plaintiffs' sole right against the city is for compensation under The Workmen's Compensation Act of June 2, 1915, P. L. 736. Therefore, the petition for joinder of the city as an additional defendant must be dismissed since no verdict could possibly be entered in favor of plaintiffs against defendant.

Both counsel in arguing the case confessed to a difficulty in rationalizing the decisions on this point. In order to fully understand the issue raised, we should consider the status of the city in respect to each of the plaintiffs. We must also bear in mind that the purpose of the practice of joining additional defendants is to permit an adjudication of the rights of defendants inter se.

Quite apart from the question of the effect of The Workmen's Compensation Act, supra, it is necessary to consider the nature of the city's possible liability. Plaintiffs do not claim that the city has in any way violated a duty owing to them. The petition to join the city as an additional defendant does not set forth any basis for direct responsibility of the city. In any theory of this case, the only basis for the liability of the city would be under the doctrine of respondeat superior. That is to say, the city would be held liable for the negligence of its employe, Wieleba, the driver of the police car. But such liability could only possibly extend to the passenger in the car, Marino. Under no theory could the city be liable solely or jointly or severally with the Yellow Cab Company for the injuries caused to the driver, Wieleba, since a sine qua non of the city's liability is the negligence of Wieleba and for his own

negligence Wieleba obviously could not recover against the city. Consequently, without even considering the effect of The Workmen's Compensation Act, it seems clear that the city cannot possibly be under any liability in an action of negligence to plaintiff Wieleba, and therefore the petition to join the city as additional defendant must be dismissed insofar as the action of Wieleba against the Yellow Cab Company is concerned.

However, the situation of Marino is somewhat different. Here (again leaving out of consideration the question of workmen's compensation) we have an action by a passenger in a city automobile against the Yellow Cab Company. If the allegations of fact set forth in the petition of joinder are true, then the driver of the city's car was negligent. In such case an action would, unless otherwise barred, lie in favor of the passenger against the employer of the driver, City of Philadelphia. Moreover, if both the driver, Wieleba, and the driver of the yellow cab were negligent, such an action of negligence would lie against both the city and the Yellow Cab Company as joint or several defendants. The petition of joinder must therefore be upheld insofar as the action of Marino against the Yellow Cab Company is concerned, unless the effect of The Workmen's Compensation Act is to prevent such joinder.

From the decisions certain principles may be deduced: Where the theory of joinder of the additional defendant is that the additional defendant is liable over to the original defendant then it is immaterial that the plaintiff is barred from suing the additional defendant, since the purpose of the joinder in such case is to permit an adjudication of the claim of the original defendant (not the plaintiff) against the additional defendant: Koontz v. Messer et al., 320 Pa. 487.

Where the theory of joinder is that the additional defendant is alone liable to plaintiff and it appears in the record that plaintiff is barred from suing defendant, a verdict in favor of plaintiff against the additional defend-

ant cannot be entered: Jackson v. Gleason et al., 320 Pa. 545. Therefore, if timely objection is made, the joinder of the additional defendant should not be permitted in such case.

Where the theory of joinder is not merely that the additional defendant is alone liable to plaintiffs, but is based on the alternative allegations that the additional defendant is alone liable, or liable jointly or severally with the original defendant, then even if it appears that plaintiff is barred from suing the additional defendant the joinder should be permitted, if the jury could properly find that the original defendant and the additional defendant were jointly liable to plaintiffs. This is necessary in order to protect the right of the original defendant to contribution from the additional defendant in the event the jury find that they are joint tortfeasors. See Maio, Executrix, v. Fahs et al., 339 Pa. 180, in which the Supreme Court sets forth the procedure to be followed in the case where one of two joint tortfeasors has been paying compensation to plaintiff. A reading of that decision discloses that not only is it proper to join as an additional defendant an employer who is paying compensation to plaintiff, but that under certain circumstances a judgment may even be entered in favor of plaintiff against the additional defendant, the employer. The purpose of the entry of such judgment, however, is not to permit plaintiff to recover twice from his employer, once under the provisions of The Workmen's Compensation Act and once in a common-law action of negligence, but to enable the court to adjudicate the rights of the original defendant and the additional defendant inter se.

It may be pointed out that at this stage of the litigation we are not yet confronted with any problem other than the question of whether the City of Philadelphia may be properly joined as an additional defendant. The record does not yet officially disclose that the plaintiff Marino is bound by the provisions of The Workmen's Compensation Act.

At the oral argument of the case the city solicitor made such a statement. This may properly be developed in the trial of the case following the procedure approved by the Supreme Court in Maio, Executrix, v. Fahs et al., supra. After the facts are fully brought out the question of whether a verdict may be entered against the city will be considered, and also the further question of the effect of such a verdict in the event that the jury find against the city.

For the present we conclude that the petition to join the city as additional defendant must be upheld insofar as plaintiff Marino is concerned, but should be dismissed as to plaintiff Wieleba for the reasons already stated.

There appears to be no difficulty in permitting the joinder of the city as an additional defendant as to only one of the two joint plaintiffs. Plaintiffs' joint action of trespass against defendant is permitted under the Act of June 25, 1937, P. L. 2072, 12 PS §159.1 et seq. This act specifically provides in sections 2 and 3 that:

"If, in any such action, it shall appear that the joinder of the plaintiffs will complicate, prejudice or delay the trial of such action, the court, on petition or on its own motion, may order separate trials, or make such other order as it deems expedient and proper.

"Section 3. In every such action, separate verdicts shall be rendered and judgments entered as to each plaintiff."

See also Rule 2262(b), which states:

"In every action in which an additional party has been brought upon the record, the court or the jury, as the case may be, in addition to any general verdict or finding, shall make such specific findings as will determine the liabilities of all parties inter se. The judgments entered in such action shall determine the liabilities of all parties inter se."

Therefore, the motion to dismiss petition of joinder is allowed as to plaintiff Wieleba and dismissed as to plaintiff Marino.