## Demech v. Gauthier

*Edward B. McDaid*, for plaintiff.
*Paul A. Lockrey*, for defendant.
*Harold W. Rehfuss*, for additional defendant.

MARUTANI, *J.*, November 13, 1975—This matter presently before the court is plaintiff Carol Demech's motion to sever, pursuant to the provisions of Pa.R.C.P. 213(b),[1] plaintiff's trial from the proceeding involving defendant's complaint against additional defendant, Earl W. Wismer, Sr.

The trespass action is founded upon an automobile collision which occurred on September 2, 1972, at which time plaintiff was a passenger in an automobile then being operated by defendant, the automobile colliding with additional defendant's vehicle, which apparently was parked. Thereafter, by stipulation of plaintiff and defendant, acting by their respective counsel of record, and approved by Judge Hirsh on December 9, 1974, defendant was granted "an additional sixty (60) days" in which to join the additional defendant "without prejudice to the rights of proposed additional defendants to timely object." Defendant, in her complaint

---

1. Although employing the term "sever," in fact the instant application is an application for a separate trial, not a severance of cause(s) of action. This would be consistent with the ambit of the rule under which plaintiff proceeds.

against additional defendant and under the prayer for relief, alleges sole liability or, in the alternatives, liability over or joint liability. The residence of the proposed additional defendant appears to be in Bucks County, an address in such county appearing only in the caption of defendant's complaint seeking to join Mr. Wismer, Sr.

While defendant's complaint was filed in the Office of the Prothonotary of Philadelphia County on January 6, 1975, yet, for reasons not apparent of record, service (by deputized service through the Sheriff of Bucks County) upon Mr. Wismer, Sr., was not effected until June 23, 1975, well beyond the 60-day period allowed by the stipulation approved on December 9, 1974, by Judge Hirsh. Thereupon, Mr. Wismer, Sr., by his counsel, filed preliminary objections to defendant's complaint, including, inter alia, an objection of jurisdiction based upon defendant's alleged failure to comply with the provisions of Pa.R.C.P. 2254(b). To such objection, defendant filed an answer, memorandum and proposed order.[2] By order dated October 2, 1975, Judge Dandridge dismissed defendant's complaint against additional defendant "for lack of jurisdiction."

---

2. The answer is in the form of a memorandum of law (so titled) to which defendant's counsel appended a jurat. However, such answer does not controvert, or attempt to controvert, many of the factual allegations set forth in the preliminary objections relating to jurisdiction. There does appear a notice to plead endorsed on the preliminary objections, thereby invoking the provisions of Pa.R.C.P. 1029, preliminary objections being a "pleading": Pa.R.C.P. 1017(a), and in this intant proceeding there are factual allegations to which an answer, in appropriate form and scope, would be required to avoid the consequences of Rule 1029. See (Revised) 4 Standard Pa. Pract. §18, p. 23, et seq.

Thereafter, plaintiff filed a certificate of readiness for trial on October 8, 1975, to which defendant filed an objection, giving as her reason, "we are appealing a decision . . . which dismissed our Complaint Against an Additional Defendant." Thereupon, plaintiff filed the instant motion to sever.

Pa.R.C.P. 213(b), the rule upon which plaintiff files her instant motion, in pertinent part, reads:

"(b) The court, in furtherance of convenience or to avoid prejudice, may, . . . order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue. . . ."

It is, of course, well-established law that where the statute of limitations has expired and the attempted joinder by defendant of the additional defendant includes the claim of sole liability of such proposed additional defendant, to that extent in any event the attempted joinder is impermissible: Bowers v. Gladstein, 317 Pa. 520, 178 Atl. 44 (1935). Moreover, Judge Dandridge's order of October 2, 1975, has dismissed defendant's complaint against the additional defendant. Therefore, the question before the court at this time is whether or not, in the circumstances and posture of this case, plaintiff should be permitted to proceed solely against defendant by ordering a separate trial.

Plaintiff, citing Rule 213(b), urges that a separate trial should be ordered because of the "prejudice" that would be incurred by plaintiff by reason of the further delay that would be inherent in defendant's proposed appeal from Judge Dandridge's order; that, conversely, defendant would not be prejudiced by such a separate trial because defendant would retain her right to claim over against the additional defendant, assuming, of

course, that defendant is successful on her appeal from the order of dismissal.[3]

The governing principle is to dispose of all issues in a single proceeding or trial and thereby avoid multiple trials, and this principle permeates the Pennsylvania Rules of Civil Procedure; for example, Rules 213(a), 1020 et seq. and 2226 et seq. This is particularly so where there are no complicated legal issues, or confusing problems of pleadings or of evidence arising from the nature of the case, or problems such as those sometimes inherent in an effort to join an additional defendant, such as co-plaintiff. In the case presently before the court, the claims arise from the same incident, appear to involve common questions of law and fact, and no complex questions of either law or of fact appear, suggesting a separate trial. The one troubling factor, however, is that defendant may well have been dilatory in having failed to bring additional defendant into the case before the two-year statute of limitations expired, and further dilatory in failing to proceed promptly under the terms of the stipulation to join the additional defendant, thereby causing the dilemma and resulting delay of which plaintiff now complains.

On the other hand, however, it is noted that while plaintiff now complains of delay, she herself perhaps contributed to the resulting delay: While the accident occurred on September 2, 1972, plaintiff waited more than 20 months (until June 26, 1974), before she filed her summons in trespass,

---

3. This opinion does not purport to pass upon the alternatives, if any, available to defendant should her appeal be unsuccessful, e.g., whether she would thereupon be foreclosed from bringing a separate suit claiming joint liability of, or right of indemnity against, Mr. Wismer, Sr.

and thereafter filed her complaint just two years and a day after the accident.

Both parties, the plaintiff and the defendant, may have justifiable, if not compelling, reasons for their respective delays. Under the circumstances, the court enters the following

### ORDER

And now, November 13, 1975, upon consideration of plaintiff's motion to sever and defendant's response thereto, as well as the respective accompanying briefs, it is hereby ordered and decreed that plaintiff's motion to sever (for a separate trial) is denied.