## Lumen *v.* Paley, Appellant, et al.

Argued March 27, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

318

*Edward S. Boas,* with him *Markel & Markel,* for appellant.

*William A. Challener,* with him *William A. Challener, Jr.,* of *Challener & Challener,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1941:

This appeal is from an order striking off a writ of scire facias to join an additional defendant claimed to be "liable over" to the original defendant in a trespass action for personal injuries.

Ralph Lumen, plaintiff, brought suit against the original defendant, Phil Paley, to recover for personal injuries alleged to have been sustained by him, on July 15, 1936, while he was engaged, as an employee of the Dithridge Development Company, in painting the Dithridge Apartments, located at 144 Dithridge Street, Pittsburgh, Pennsylvania, as a result of being struck by a falling window screen which he alleged was, caused to fall from a window of the sixth floor apartment leased to and occupied by the original defendant *solely* by reason of the negligent handling or adjustment of the screen by a servant or agent of the original defendant, acting within the scope of her employment. The original defendant filed an affidavit of defense in which he denied that the screen was caused to fall by reason of negligence on the part of a servant or agent under his control, averring that, if the screen fell by reason of any negligence, it was the negligence of the Dith-

ridge Development Company, the owner of the apartment house, and thereafter, on January 31, 1940, more than three years after plaintiff's injuries, he issued a writ of scire facias, under the Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, May 18, 1933, P. L. 807, and June 25, 1937, P. L. 2118, to bring the Dithridge Development Company upon the record as additional defendant, averring that it would be "liable over" to him for any claim established by the plaintiff. The court made absolute a rule to show cause why the writ of scire facias should not be quashed on the ground, inter alia, that the facts averred in support of the allegation of "liability over" did not sustain any such legal conclusion; hence this appeal.

As we have pointed out on numerous occasions, a writ of scire facias to join an additional defendant is not only a method of bringing a party into court, but is also a pleading and must state a good cause of action. See *Aultman v. Pittsburgh*, 326 Pa. 213, 216; *Sansotta v. Pittsburgh*, 330 Pa. 199, 201; *Hoffman v. Repp*, 337 Pa. 486, 487. Here, the writ did not aver any facts whatever upon which to predicate a charge of "liability over" for injuries caused by the negligent handling or adjustment of the screen by a servant or agent of the original defendant, which is the only negligence for which suit was brought and for which the original defendant alone would be responsible (*Wolk v. Pittsburgh Hotels Co.*, 284 Pa. 545, 550); it averred, in substance and effect, that the additional defendant, as owner of the apartment building, had undertaken to and did install and maintain the window screen which struck the plaintiff, as a structural appliance forming part of the general structure of the outside of the building over which it had exclusive control, and that the falling of the screen was due solely to defective installation or improper maintenance, which averments, if proved, would establish the alleged negligence of the

additional defendant as the proximate cause of plaintiff's injuries, and would fix it with direct and sole responsibility therefor. See *Murray v. Frick,* 277 Pa. 190; *Wolk v. Pittsburgh Hotels Co.,* supra, 550; *City of Butler v. W. U. Tel. Co.,* 93 Pa. Superior Ct. 533, 537. As the averments of the writ, which was issued more than two years after plaintiff's injuries and, therefore, too late to join the additional defendant on an allegation of sole liability (Act of June 24, 1895, P. L. 236; *Shaw v. Megargee,* 307 Pa. 447, 451; *Bowers v. Gladstein,* 317 Pa. 520; *Murray v. Pgh. Athletic Co.,* 324 Pa. 486, 497), are totally inconsistent with the assertion of "liability over", the action of the court below in striking it off was proper: *Hoffman v. Repp,* supra; *Rau v. Manko,* 341 Pa. 17, 26.

Order affirmed.