## Pracuta et al. v. Alex C. Ferguson Co. et al.

318

*John J. McDevitt, Jr.*, for plaintiffs.

*Swartz, Campbell & Henry, James Frank Shrader,* and *George C. Denniston,* for defendants.

*White & Staples,* for additional defendants.

SLOANE, J., October 28, 1941.—The additional defendants move that the decree joining them be vacated and that they be dropped from the record. They objected to their joinder once before, but joinder was allowed on order of Judge Bok. They again come, and ground their motions on the contention that no claim against them appears of record.

Plaintiff, a stevedore, brought this action to recover damages for injuries from caustic soda which got out of defective drums he was handling. In his statement

of claim he alleges that the soda was manufactured or purchased and packed by one of the three original defendants, was purchased by the second, and delivered to the third, a railroad, for transportation. The railroad transported the drums of caustic soda to its shipping pier and they were placed aboard a vessel which departed for a foreign port. Due to war conditions, however, the vessel did not complete its trip, but returned and the drums of soda were unloaded on the railroad's pier, where they remained until the defendant owner engaged plaintiff's employer to load the drums on the railroad's cars located on its pier. Plaintiff's injuries occurred during this loading and were alleged to be due to the negligence of defendants in failing to pack and label the drums properly or to notify or warn plaintiff to avoid contact with the dangerous substance, and in shipping and transporting containers of such substance defectively packed or sealed. Each of the defendants filed an affidavit of defense denying the facts upon which plaintiff bases his right to recover from it.

Defendant railroad then filed a petition, pursuant to Pa. R. C. P. 2252, 332 Pa. cxxiii, to join J. A. McCarthy and McCarthy Stevedoring Corporation as additional defendants, averring that J. A. McCarthy, as agent for an undisclosed principal, was in fact the shipper of the caustic soda, and that McCarthy Stevedoring Corporation loaded the soda on the defendant railroad's cars. The petition further averred that, if any negligence as alleged in plaintiff's statement of claim existed, it was attributable not to petitioner-defendant, but rather to the additional defendants, "either alone or jointly with themselves and others", since they had control of the drums, and accordingly "either or both of them, is or are alone liable, or jointly liable *with others unknown*" for plaintiff's injuries. (Italics supplied.)

A decree was entered granting the prayer of the petition and joining the additional defendants. The latter filed motions under Pa. R. C. P. 2256, 332 Pa. cxxviii, to dismiss the proceedings as to them, one of the reasons being that the petition was defective for failing to allege any joint liability with the railroad to plaintiff. That motion was dismissed by Judge Bok, and the additional defendants filed answers on the merits, denying negligence and liability to plaintiff or to any other person for plaintiff's injuries.

Plaintiff took no part in the issue on the petition to join the additional defendants, waiving a hearing thereon. Probably as a result of information gained therefrom, however, he sought leave of court to amend his statement of claim to correct the name of his employer. Upon securing such leave, he filed an amended statement of claim in which he named as his employer McCarthy Stevedoring Corporation, instead of J. A. McCarthy, as originally stated; in all other respects the original statement of claim was left unchanged. Though the amended statement of claim was under the new caption of the case which included the additional defendants, no averment specifically describing them as defendants or asserting any liability against them was included. (The employer's insurer was permitted to join as party plaintiff to protect its right of subrogation.)

Plaintiff did not file a supplemental statement of claim.

At pretrial conference the additional defendants made the motions to vacate the decree joining them and to drop them from the record. These are now before us. Additional defendants say that plaintiff has not filed a supplementary statement of claim, and accordingly is precluded from asserting any right against them. They contend that the order denying their previous motion to dismiss the proceedings as to them was not a determination precluding the issue now raised,

because at that stage of the proceedings plaintiff's right to file a supplementary statement of claim was extant, and a joinder based upon an allegation of even sole liability would serve the purpose of ascertaining whether a supplementary statement of claim would be filed by plaintiff against the additional defendants. But now, they urge, there is neither an assertion by any party to the action of any joint liability with or liability over to it, on the part of the additional defendants, nor the right of plaintiff to assert any claim of liability against them in this proceeding, and therefore their inclusion is not warranted.

The essence of the additional defendants' position is that the discretion of the court to permit joinder wherever the determination of all issues of law and fact arising out of a single transaction will be aided thereby is limited by the requirement that the record contain averments on which the establishment of some liability on the part of the additional defendants is possible,[1] and that such averments are lacking in this case.

The additional defendants are right.

The rule is considered well established that a petition or writ to join a third-party defendant is a pleading which must state a good cause of action. If it fails to aver facts sufficient to impose legal liability on the additional defendant, it will be stricken, regardless of the assertion of such liability in its conclusion: Lumen v. Paley et al., 342 Pa. 317 (1941) ; Hoffman et ux. v. Repp et al., 337 Pa. 486 (1940) ; Sansotta v. Pittsburgh et al., 330 Pa. 199 (1938) ; Murtha et ux. v. Philadelphia et al., 130 Pa. Superior Ct. 411 (1938). See also Aultman v. Pittsburgh et al., 326 Pa. 213, 216 (1937) ; Rudman et ux. v. City of Scranton et al., 114

---

[1] Pa. R. C. P. 2252 (e), 332 Pa. cxxvi, provides: "The court shall grant such petition whenever the petition alleges facts which would establish the liability of the additional defendant and the court deems the joinder of the additional defendant will not unreasonably prejudice the additional defendant or any other party of record."

Pa. Superior Ct. 148, 157 (1934).[2] But see Rau v. Manko et al., 341 Pa. 17 (1941).

In keeping with this general rule, where the facts pleaded are not legally sufficient to permit a finding of joint liability with or liability over to the original defendant, and the plaintiff by failing to plead as to the additional defendant becomes precluded from recovering from him, the additional defendant will be dropped from the record: Lumen v. Paley et al., supra. See also Delano v. Ives et al., 40 Fed. Supp. 672 (E. D. Pa., 1941) ; Malkin v. Arundel Corporation et al., 36 Fed. Supp. 948 (D. Md., 1941) ; Sklar v. Hayes et al., 1 F. R. D. 594 (E. D., Pa., 1941) (third-party defendant dropped where no joint liability or liability over possible under law applicable to facts of case) (cases decided under Federal Rule of Civil Procedure 14(a) (28 U. S. C. A. ffg. §723(a)) which is similar to Pennsylvania Rule 2258 in providing that plaintiff file an amended complaint against the third-party defendant). This result is undoubtedly sound. There being no possible legal liability on the part of the added defendants, no party will be accorded any relief by his inclusion, the original defendant is not restricted in the presentation of a defense by the absence of the added defendant as a party, and a needless multiplicity of parties is avoided.

If, on the other hand, the original defendant alleges facts sufficient to support a joint liability with or liability over to him, it is equally proper and clearly settled that the preclusion of plaintiff's right against the added defendant does not affect the right of the original defendant to secure a determination of the additional defendant's liability with or to him, and the joinder is per-

---

[2] "The city has pleaded the facts, as it was its duty to do, and not a mere conclusion. If the city had confined its statement in the præcipe to an averment that the company was either jointly or severally or alone liable, then undoubtedly the water company would have been here contending that a mere legal conclusion had been pleaded and not the facts."

mitted: Maio v. Fahs et al., 339 Pa. 180 (1940) ; Briggs et al. v. City of Philadelphia et al., 112 Pa. Superior Ct. 50 (1934) ; Koontz v. Messer et al., 320 Pa. 487 (1935). The desideration of avoiding multiplicity of suits is clearly subserved by the joinder: A second suit by the original defendant against the additional defendant is obviated.

More complex is the situation where the original defendant alleges facts under which the person sought to be joined is solely liable to plaintiff, who has no right of action against such additional defendant, but on all the facts averred on the record—those averred by plaintiff in his statement of claim against the original defendant as well as those alleged by the defendant—a joint liability or liability over on the part of the added defendant could be found. Conflicting considerations are present in such circumstances. The objective of determining all issues of law and fact arising out of the one transaction is opposed by the rule that petitions to add additional defendants are pleadings which must in themselves set forth facts constituting a good cause of action. Impelled by the latter, it is held that, where the petition to join or scire facias avers or concludes only that the additional defendant is solely liable to plaintiff, no verdict or judgment against the additional defendant can be obtained, and upon objection prior to trial he will be dropped from the record: Davidson v. Patterson et al., 342 Pa. 466 (1941) ; Marino et al. v. Yellow Cab Company of Philadelphia et al., 39 D. & C. 519 (1940) (dropped prior to trial) ; Jackson v. Gleason et al., 320 Pa. 545 (1936) ; Murray et ux. v. Lavinsky et al., 120 Pa. Superior Ct. 392 (1936). But cf. Morris et al. v. McKinley et al., 33 D. & C. 696, 703 (1938) (joint verdict sustained where additional defendant had not objected before trial, had appeared and gone to trial; scire facias treated as amended thereby).

If, in addition to the averments of fact on which sole liability to plaintiff would arise, the defendant *con-*

*cludes* that the additional defendant is jointly liable with or liable over to him, the object to secure a determination of the rights betwen the defendant parties becomes apparent, and the joinder has been permitted, though defendant has not averred *facts* sufficient to support his conclusion: Rau v. Manko, supra. The determinative effect of the conclusions in defendant's petition in the Rau case is clearly shown by a comparison of that case with Davidson v. Patterson et al., supra, which appears to be the latest appellate case on the joinder question.

Both of the last-mentioned cases involved actions for damages for injuries suffered in a collision between an automobile driven by defendant and one in which plaintiff was riding as a passenger. In each case plaintiff's statement of claim set forth facts of negligence on the part of defendant, and the latter filed a petition to join as additional defendant the driver of the car in which plaintiff had been riding, alleging in the petition facts showing that the driver was alone negligent. In the Rau case the petition further stated that the negligence of such person ". . . was either the sole cause or a major contributing cause of said collision . . ." and that the defendant "desires to protect his right of contribution in the event that [defendant] be found to have been jointly negligent with the [added defendant]". In the Davidson case, the petition merely concluded that plaintiff's injuries were "solely" the result of the additional defendant's negligence. Plaintiff did not file a supplemental statement in either case. The court considered the joinder of the additional defendant proper in the Rau case, and sustained an order dropping him in the Davidson case. In the latter case, the basis of the opinion was that "As the plaintiff elected not to proceed against him and, as the defendant Patterson had made no averments of liability of the additional defendant to him, there was no reason to keep him a party". The Rau decision sets forth:

". . . It is our opinion that third party procedure under the amendments of 1931 required, and now under the Rules of Civil Procedure requires, that a defendant, after averring the facts constituting the transaction declared on by the plaintiff, *must be permitted to state legal conclusions in the alternative.* Not only do the Rules not forbid it, but the practice is implicit in such procedure; without it, the important purpose of bringing before the court all the parties to the transaction would be defeated. . .

". . . While plaintiff's election removed the possibility of the additional defendant's being held alone liable to the plaintiff, we still have to consider whether proof of the facts averred would support a finding of joint liability of the two defendants. In considering this question, it is to be observed that plaintiff's statement of the cause of action shows liability in the defendant, and the defendant avers facts showing liability in the additional defendant who answers that not he, but the defendant was the negligent party. If the jury finds joint or concurrent negligent acts, the law declares the actors joint tort-feasors. . .

"Much of common law pleading has been modified and superseded by statute and rule. The pleader must state a cause of action to which the law involved may be applied and, by the pleading, must notify the adverse party of what to meet. Here there is no want of notice; defendant's petition and additional defendant's answer have clearly advised each other of their respective positions and have presented a single issue . . ." (Italics supplied.)

The Rau decision thus enables a defendant to retain an additional defendant who becomes free from liability to the plaintiff by having *conclusions* of joint liability with or liability over to defendant, where the record as a whole sets out a transaction wherein such liability may exist. Though such conclusions without facts to support them have been considered ineffective (Hoffman et ux. v. Repp et al., supra., Rudman et ux.

v. City of Scranton et al., supra), the addition of allegations of fact sufficient to set up the liability of the additional defendant when viewed in connection with the other facts on the record has now been made enough to mend the deficiency. The court considered the use of such conclusions as established practice in third-party procedure, and cited Clineff v. Rubash et al., 126 Pa. Superior Ct. 82 (1937), which considered alternative conclusions of law in a scire facias containing averments of fact showing sole liability to the plaintiff as sufficient to support verdicts of sole or joint liability on the part of the additional defendant. However, that case, and those in accord with it (Emblem Oil Co. v. Taylor et al., 118 Pa. Superior Ct. 259 (1935)) were decided under the Scire Facias Act of April 10, 1929, P. L. 479, as amended in 1931 and 1933, which treated the record as containing a statement of claim by the plaintiff against the additional defendant,[3] and, therefore, made a scire facias averring only the sole liability of the additional defendant to the plaintiff sufficient to support a joint judgment against defendants, the law determining the rights of contribution between them from the verdicts against each: Majewski et al. v. Lempka et al., 321 Pa. 369 (1936); Abraham v. National Biscuit Co., 89 F.(2d) 266 (C. C. A. 3d, 1937). It may therefore be inquired whether the new rules of procedure, which give the additional defendant greater rights in entitling him to have a statement of claim as to him filed by the plaintiff, contemplated the continuance of the former

---

[3] "Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability": Act of April 10, 1929, P. L. 479, as amended June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807, 12 PS (Supp. 1940) §141.

procedure. The additional defendant has been given the right to insist that a claim be properly set out against him,[4] and this though the petition has the dual nature of a legal writ and a pleading (Nunamaker et al. for Use v. Finnegan, 110 Pa. Superior Ct. 404, 409 (1933)), and third-party proceedings are equitable in nature: Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, 570 (1929). The difficulty would seem to be caused by the fear of the original defendant that a petition to join which contains averments of fact showing joint liability or liability over, and thus admits liability on his part, might prejudice him at trial. If the original defendant were given the same protection accorded the plaintiff, who is permitted to make the allegations in his supplementary statement of claim ". . . upon information without prejudice to the right of the plaintiff to maintain the correctness of the allegations in his original pleading" (Rule 2258(a), 332 Pa. cxxx), he would be free to make definite averments of fact creating joint liability or liability over. The inconsistency of permitting alternative conclusions of law to plug up the deficiency in factual averments, while still retaining the rule that a petition seeking joinder is a pleading which must state a good cause of action, might then be avoided. Plaintiff, who has instituted the action and has chosen his party defendant, is permitted to be alternative and inconsistent in pleading; defendant whom he has sued should be entitled to the same freedom. The defendant will thus escape the risk of losing the additional defendant as a party in the event the plaintiff does not assert any claim against him, will not be prejudiced at trial, and will accord the additional defendant the benefit of the rule entitling him to the assertion of a claim against

---

[4] See rule 2252(e), 332 Pa. cxxvi, supra, note 1, and rule 2232(b), 337 Pa. 16a, which provides: ". . . a party may be dropped by order of the court whenever he has been misjoined or no claim for relief is asserted against him in the action by any other party."

him with the definiteness and particularity that tested rules of pleading in this jurisdiction consistently have required.

In the instant case, although the pleadings of all the parties disclose a situation pregnant with the possibilities of joint liability, the petition does not set forth either facts which would make the additional defendants jointly liable with or liable over to the defendant railroad, or conclusions of such liability of the additional defendants. While it would seem that defendant's petition amply apprised the additional defendants that the defendant railroad sought to shunt onto them in whole or in part a liability which otherwise might fall on it, it stated no direct claim involving itself. On the contrary, it explicitly excluded itself from any relationship of liability with the additional defendants, saying that they were liable alone "or with others unknown" to it. The conclusion does not embrace any liability to or with the defendant railroad, and the Rau case does not extend to this condition of the record.

Plaintiff's amended statement of claim did not have the effect of a supplementary statement of claim as required by rule 2258. It was filed pursuant to leave to amend the averment as to the name of plaintiff's employer, it did not specifically name the additional defendants as the defendants whose negligence was averred, and at no time did plaintiff urge that it was anything more than the original statement of claim asserting negligence of the original defendants. Indeed, plaintiff admits that there was no intention to incorporate any claim against the additional defendants into his amended statement. That pleading is not sufficient to retain the additional defendants as parties to this action.

The motions of the additional defendants are granted, the decree joining them is vacated, and they are dropped from the record.