## Langrock et ux. v. Bisetti et al.

*Hirschwald, Goff & Rubin*, for plaintiff.
*Raymond A. White, Jr.*, for defendant.
*Frank R. Ambler*, for additional defendant.

WINNET, J., November 12, 1943.—This suit was brought against defendant, Robert Bisetti, for injuries sustained on June 18, 1941, by Carrie M. Langrock, one of the plaintiffs, through an allegedly defective chair in defendant's place of business. The action was not commenced until June 18, 1943, just within the statute of limitations. In response to a rule taken by the attorney for defendant, plaintiffs filed on August 17, 1943, a statement of claim.

On September 28, 1943, defendant issued a writ to join Strawbridge & Clothier as an additional defendant and filed a complaint alleging that the injuries to plaintiff Carrie M. Langrock were due to a defect in the construction of the chair which was purchased by defendant from Strawbridge & Clothier on January 10, 1939, under a warranty that it was fit for proper use in the restaurant business of defendant. This statement of claim concludes that "Strawbridge & Clothier is jointly or severally liable with the defendant, or is liable to the defendant on the cause of action declared on by the plaintiffs". The additional defendant has filed a motion to dismiss the order of joinder on the ground that the writ and the complaint against it was issued after the statute of limitations had run.

If the effect of the joinder is to extend plaintiffs' action against the additional defendant, then it cannot be done, the statute of limitations having run. Bowers v. Gladstein et al., 317 Pa. 520, is clear authority for this principle. If plaintiffs have a cause of action for injuries sustained they must bring it against the people allegedly responsible within two years. A defendant cannot extend the act by bringing in a party liable to plaintiffs after the statutory period. It would be doing indirectly what the law says cannot be done directly. This, however, is not the effect of the present joinder.

In the statement of claim against Strawbridge & Clothier it is quite evident that defendant is pro-

ceeding on the theory that Strawbridge & Clothier is "liable over". Defendant is not bringing in a new party for plaintiffs to sue but merely asks that in this present suit it be determined whether the additional defendant is liable over by reason of the implied warranty when the chair which caused the injuries was purchased by defendant from the additional defendant.

In Goodrich-Amram, sec. 2252(a)9, it is stated:

"If the statute of limitations prevents a direct suit by the plaintiff against the additional defendant, it is obvious that the latter should not be joined on the ground that he is alone liable to the plaintiff. Since the statute bars the plaintiff from any recovery against the additional defendant and since the defendant makes no claim against him, his joinder would be useless.

"If, however, the defendant alleges facts showing that the additional defendant is liable over to him, joinder is proper. The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claim of contribution or indemnity. The cause of action owned by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant."

Since defendant's claim against the additional defendant is not barred by the statute of limitations, it should be disposed of in one action. The whole basis of the joinder of parties is the desirability and convenience of disposing in one trial of the issues between all parties arising from a common factual background. Joinder should be allowed even though in a particular case it may be undesirable to dispose of the issues in one trial: Goodrich-Amram, sec. 2229(b)2. If undue inconvenience or prejudice is shown, a court may order a severance and a separate trial of a particular issue: Pa. R. C. P. 213(b).

It is true that in the complaint filed against the additional defendant the claim is that the additional defendant may be "jointly or severally liable with the defendant". This, however, may be disregarded as surplusage. There is sufficient averment in the complaint which establishes that the additional defendant is liable over to defendant and the test is the averments of liability in rather than the conclusion of the statement.

Goodrich-Amram, sec. 2252(b)3: "If the pleaded facts support only one alternative, the other alternative will be disregarded." See Lumen v. Paley et al., 342 Pa. 317.

The rule to show cause why the writ and complaint issued should not be dismissed is, therefore, discharged.