## Zachrel, Admrx., *v.* Universal Oil Products Company, Appellant, et al.

Argued October 1, 1946. Before MAXEY, C. J. ,DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Roy Dickie,* with him *Dickie, Robinson & Mc-Camey* and *Frampton & Courtney,* for appellant.

*A. B. Jobson,* with him *Breene & Jobson, Skelly & Mogilowitz* and *Robert M. Dale,* for appellee.

OPINION BY MR. JUSTICE JONES, November 29, 1946:

This is an appeal from an order quashing a writ issued under Rule 2252 of the Pennsylvania Rules of Civil Procedure (345 Pa. (1)) to bring in an additional defendant. The order also nullified the service of the writ. The original defendant in its complaint charges the additional defendant in the alternative with *sole* liability or with *joint* liability for the cause declared on by the plaintiff. The question involved is whether the complaint alleges facts sufficient to support the allegation of joint liability. Unless it does, no liability of the additional defendant is cognizable herein in the circumstances. As will appear, the additional defendant cannot, as a matter of law, be held any longer to answer solely for the matter in suit.

On July 6, 1944, Frank M. Zachrel, while in the course of his employment upon the premises of his employer, The Pennzoil Company (hereinafter referred to as Pennzoil), suffered injuries from which he died the same day. The fatal injuries were inflicted by an explosion of highly volatile liquids or gases and a consequent conflagration. On June 16, 1945, Zachrel's widow, as administratrix of his estate, brought the instant suit against Universal Oil Products Company

(hereinafter referred to as Universal) to recover damages for her husband's wrongful death, alleging that the explosion resulted from negligence of agents, employees or servants of Universal, in particular, one Theodore Johnson. As averred by the plaintiff, Universal was engaged at the time of the injury to Zachrel in performing for Pennzoil, under contract, services of a professional, advisory and supervisory character in connection with the installation of a distillation process for Pennzoil's manufacture of high octane gasoline under license from Universal; and, as likewise averred, Johnson, an employee and engineer of Universal, was in charge of that work and, also, as a part of Universal's undertaking, was instructing Pennzoil's employees in the operation of the process.

On September 4, 1945, within the time available for the purpose, as duly enlarged by the court, but more than a year after the fatal injury to Zachrel, Universal, as defendant, filed its answer to the plaintiff's statement of claim and at the same time filed a præcipe, supported by its complaint, for the joinder of Pennzoil as an additional defendant, assigning as a reason therefor "that whatever damage may have been sustained by the plaintiff or plaintiff's decedent was caused solely by the negligence of the said The Pennzoil Company or by the joint negligence of the original defendant and the said The Pennzoil Company and if there should be a verdict against both companies jointly the original defendant will be entitled to contribution from The Pennzoil Company". Without disputing that Johnson's negligence caused the accident, Universal, in its complaint as well as in its answer to the plaintiff's statement, denied that Johnson was Universal's agent, employee or servant and, on the contrary, specifically averred that he was the agent, employee or servant of Pennzoil at the time of the fatal injury to Zachrel; that Pennzoil was

then in sole charge and control of the causative operation; that Universal's services to Pennzoil under the contract had terminated on May 22, 1944 (more than six weeks before the injury to Zachrel); and that Pennzoil was alone liable for the matter in suit.

Pennzoil filed an affidavit of defense, in lieu of demurrer, raising questions of law. Therein it set forth that, on the basis of the untraversed facts of record, Pennzoil's only liability for Zachrel's injuries and death was contractual under the Workmen's Compensation Law and not in tort; that, even if in tort, an action therefor against Pennzoil was barred, the one-year period of limitations having expired; and that, in these circumstances, Pennzoil could be joined as an additional defendant *only* on the ground that it was liable over to or jointly liable with Universal but that the complaint fails to aver any facts in support of either of such liabilities. Without detailing the intervening procedural steps, it is sufficient to say that the learned court below entered the order, from which Universal now appeals, quashing the writ against Pennzoil and nullifying the service for the reason that the facts pleaded by Universal would support nothing more than a finding of Pennzoil's *sole* liability which, in any view, is no longer cognizable in the instant proceeding.

Rule 2252(a) [1] of the Pennsylvania Rules of Civil Procedure recognize three types of liability for which a defendant may join, as an additional defendant, a person not a party to the action. That such liabilities may be pleaded in the alternative was decided in *Rau v. Manko*, 341 Pa. 17, 22, 17 A. 2d 422, where that question

---

[1] "In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be [1] alone liable or [2] liable over to him on the cause of action declared upon or [3] jointly or severally liable thereon with him."

was directly raised after the Acts of Assembly originally governing third-party procedure in this State had been suspended simultaneously with the coming into effect of the Procedural Rules (322 Pa. cxxxiv). See also *Maio v. Fahs*, 339 Pa. 180, 187, 14 A. 2d 105.

But, *Rau v. Manko*, supra, does not hold, as the appellant seems to think, that a defendant's mere statement, in the alternative, of legal conclusions with respect to an additional defendant's alleged liability is sufficient to implead and hold the latter for answer. The *Rau* case expressly recognized that it is after the defendant has averred ". . . the facts constituting the transaction declared on by the plaintiff . . ." that the pleader is permitted ". . . to state [consequent] legal conclusions in the alternative". The opinion in the *Rau* case plainly indicates that under "The facts constituting the transaction as [there] averred in [the] defendant's petition . . ." the jury could find ". . . the additional defendant [to be] in class 1—alone liable; or in class 3—jointly liable with the defendant". It was for the court, in the *Rau* case, to consider ". . . whether proof of the facts averred would support a finding of joint liability of the two defendants" (p. 23). And, it was further stated (p. 24) that "The Rule [2252] does not prohibit the statement of alternative conclusions of law *from the facts averred*". (Emphasis supplied). Nowhere was it suggested in the opinion in the *Rau* case that it is not incumbent upon a defendant, when moving for the joinder of an additional defendant, to aver facts sufficient, if proven, to support a finding of the liability alleged. A bald allegation that an additional defendant is jointly liable with the defendant is, at best, ". . . a mere conclusion of law and amounts to nothing as a pleading": *Schuster v. Largman*, 318 Pa. 26, 33, 178 A. 45.

A holding such as that for which the appellant argues would not only violate rules of pleading in gen-

eral but, more particularly, it would violate the Rules of Civil Procedure specifically relating to the joinder of additional defendants. Thus, Rule 2252 (b) requires that "The defendant or additional defendant shall file with the præcipe *a complaint, in the manner and form required of the initial pleading of the plaintiff* in the action, *setting forth the facts relied upon to establish the liability of* the additional defendant and the relief demanded". (Emphasis supplied). And, Rule 2255 (a) provides that ". . . [The] pleadings, between the party joining an additional defendant and the additional defendant shall be same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant". As noted in *Lumen v. Paley,* 342 Pa. 317, 319, 20 A. 2d 752,— ". . . we have pointed out on numerous occasions [that] a writ of scire facias [now a præcipe and complaint] to join an additional defendant is not only a method of bringing a party into court, but is also a pleading and must state a good cause of action".

In the instant case, all that the complaint does with respect to a charge of joint liability against the additional defendant is to borrow, almost verbatim, the statement of legal conclusions in the alternative as contained in the complaint in the *Rau* case which was held to be sufficient. But, the complaint here under consideration does not aver any facts from which a finding of the additional defendant's joint liability with the original defendant could be made. As the learned court below pertinently observed, "Nowhere in the entire complaint is there a single allegation of fact that would justify the conclusion that the defendant and The Pennzoil Company were engaged in a joint enterprise such as would involve The Pennzoil Company in a joint liability". In *Lumen v. Paley,* supra, we upheld the quashing of a writ joining an additional defendant because the original defendant ". . . did not aver any facts

whatever upon which to predicate . . ." his allegation of the additional defendant's "liability over" for the matter declared on by the plaintiff. The joinder in the instant case is no less insupportable insofar as the allegation of the additional defendant's joint liability is concerned. That leaves, then, the matter of the alleged sole liability of the additional defendant which is really all that the complaint actually avers. "Liability over" is nowhere charged or suggested.

The cause declared on by the plaintiff is at law for tort; and more than a year from the death in suit had elapsed when the writ issued against the additional defendant. The writ was, therefore, too late (Sec. 2, Act of April 26, 1855, P.L. 309, 12 P.S. § 1603) to accomplish the joinder of the additional defendant on the basis of its *sole* liability: *Lumen v. Paley,* supra, at p. 320; *Bowers v. Gladstein,* 317 Pa. 520, 522, 178 A. 44. Where the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is alone liable. Joinder in such circumstances would be useless: see *Bowers v. Gladstein,* supra, at p. 522. Cf. Goodrich-Amram Civil Practice, Joinder of Additional Defendants, § 2252 (a)-9. Obviously, there can be no occasion in such instance for the assertion of a right to contribution by an original defendant who charges sole liability to an additional defendant.

But, even if the defendant's attempt to join Pennzoil as an additional defendant had not been too late in the circumstances, the facts disclose and the appellant admits that the ". . . plaintiff's recovery against the employer [was] limited to the compensation payable under the Workmen's Compensation Act" (Appellant's Brief, p. 12). And, for that reason, Pennzoil could not be joined as an additional defendant upon allegations that it was solely liable for the damages for which the plaintiff sued: *Jackson v. Gleason,* 320 Pa. 545, 547, 182

A. 498; *Murray v. Lavinsky,* 120 Pa. Superior Ct. 392, 394, 182 A. 803. See also Goodrich-Amram Civil Practice, Joinder of Additional Defendants, § 2252 (a)-10. There was, therefore, no sound basis for the issuance of the writ and it was rightly quashed.

The order of the court below is affirmed at the appellant's costs.