## Werther v. Finn et al.

*R. M. Bernstein,* for plaintiff.
*Swartz, Campbell & Henry,* for defendant.
*F. R. Ambler,* for additional defendant.

SLOANE, J., March 4, 1947.—This is another case where the thread of legal principle intertwists adjective and substantive law, action and right.[1] Original defendant seeks to bring an "additional defendant" into a negligence case. Additional defendant resists; the basis is the statute of limitations.[2] Preclusion is not warranted.

Plaintiff was injured while a passenger in an automobile driven by additional defendant, when it collided with an automobile driven by original defendant.

---

[1] "Indeed, substantive law is born of procedure, being secreted, as has been said, in the interstices of form": Street, The Foundations of Legal Liability, Volume 3, p. 1.

[2] Act of June 24, 1895, P. L. 236, §2, 12 PS §34:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law."

This was on March 23, 1944. Not until January 17, 1946, did plaintiff start her action against original defendant, and not until April 9, 1946, did she file her statement of claim. A simple recognition of dates shows the action was started just short (about two months) of the finality of the two-year limitation period, and the statement of claim was filed after the expiration of that period.

On April 29, 1946, original defendant filed both his writ and complaint against additional defendant. In the complaint he shows original defendant driving west, and additional defendant, with plaintiff in his car, driving south, and he avers "that the said collision was caused by the negligence and carelessness of additional defendant Raymond Werther, in the operation of his automobile in which Rebecca Werther was a passenger". He avers, too, by way of conclusion, a joint liability, or a liability over. We can well suppose (at least at this point) a right-angle collision, and that plaintiff and additional defendant are kith and kin.

Plaintiff could select defendant and she had to do it within the two-year period. This statute binds her. But circumstances combine in more than one way, and more than one person may be negligent in a specific situation; plaintiff cannot by her action circumscribe the adverse litigant. She should not control the momentary destiny (Rau v. Manko et al., 341 Pa. 17, 23) ; she will if we sustain additional defendant's position. See Fisher v. Diehl, 156 Pa. Superior Ct. 476, 482-3. Plaintiff could wait, as she did here, until the allowable time was almost up and thus forestall possible respective rights of other parties. Plaintiff has her right, but so has original defendant. His right may not be foregone by plaintiff's conduct. It is given to him by law, not by plaintiff.

Additional defendant could be joined on the theory of liability over even after the limitation period has

run,[3] though not on the theory of sole liability.[4] The factual situation in this case, as averred by original defendant, does not indicate liability over, but a possible joint liability. Contribution is enforcible between joint tortfeasors: (Act of June 24, 1939, P. L. 1075, §1, 12 PS §2081 (supplement)); Anstine et al. v. Pennsylvania R. R. Co. et al., 352 Pa. 547, 549; Fisher v. Diehl, 156 Pa. Superior Ct. 476, 482. Consequently, joinder was permitted under like circumstances in Battle et ux. v. Laurel Line Taxicab Co. et al., 52 D. & C. 534, and Adam et al. v. Vacquier (Jansson), 48 F. Supp. 275.

Argument is made that such conclusion extends the period of the statute of limitations, but the short answer is that the two defendants have their own relationship, are committed by the facts to a separate status. Between themselves they have an issue different from that with plaintiff. Plaintiff's right of action against additional defendant has expired by the limitation; original defendant's right of contribution from the additional defendant, if both were jointly negligent, has not. The joinder of additional defendant will be limited to the issue of joint liability, so that the possible verdicts, in favor of plaintiff, in this case would be either a verdict against original defendant alone, or against both defendants. In the latter event, plaintiff could not have execution against the additional defendant; the judgment on such verdict would be for the benefit of original defendant for contribution. See Rau v. Manko et al., 341 Pa. 17; Fisher v. Diehl, 156 Pa. Superior Ct. 476, 486; Battle et ux. v. Laurel Line Taxicab Co. et al., 52 D. & C. 534.

---

[3] Lumen v. Paley et al., 342 Pa. 317, 319; Langrock et ux. v. Bisetti et al., 50 D. & C. 71, 73.

[4] Lumen v. Paley, supra; Murray v. Pittsburgh Athletic Co. et al., 324 Pa. 486, 496-7; Bowers v. Gladstein et al., 317 Pa. 520; Goodrich-Amram, sec. 2252(a)—7, 8, 9.

*Order*

And now, March 4, 1947, it is ordered that additional defendant's affidavit of defense raising questions of law be dismissed, in accord with this opinion, with leave to file an answer to the merits within 20 days hereof.