## Carey et al. v. Petrilak et al.

*Carlon M. O'Malley* and *John W. Bour*, for plaintiffs.

*James W. Scanlon*, for original defendant.

*Bialkowski, Bialkowski & Bialkowski*, for additional defendants.

EAGEN, J., April 30, 1948.—Plaintiffs, passengers in a school bus, sued the driver thereof alleging negligence and subsequent injury.

Their action was not instituted and complaint filed until a few days before the two-year period of the statute of limitation expired. Within 60 days thereafter but at a time more than two years after the original cause of action arose, additional defendants were joined. The latter now move to dismiss the proceedings as to them.

The writ of joinder, issued more than two years subsequent to plaintiffs' injuries, was too late to join additional defendants on an allegation of sole liability. The statute of limitation bars any direct recovery by plaintiffs from additional defendants. That right of action has expired: Shaw et al. v. Megargee et al., 307 Pa. 447; Lumen v. Paley et al., 342 Pa. 317. However, original defendant's right of contribution from additional defendants, if either or both were jointly negligent, has not. Additional defendants may be joined on the theory of liability over even after the limitation period has run as to plaintiffs' cause of action: Adam et al. v. Vaquier, 48 F. Supp. 275; Werther v. Finn et al., 58 D. & C. 331; Battle et ux. v. Laurel Line Taxicab Co. et al., 52 D. & C. 534.

However, a writ of scire facias to join an additional defendant is a pleading and must state a good cause

of action: Lumen v. Paley et al., supra; Zachrel v. Universal Oil Products Company et al., 355 Pa. 324. In the last case cited it was held that mere conclusions are insufficient and facts must be pleaded to support the liability alleged.

Therefore, the narrow question herein is whether the complaint of original defendant alleges facts sufficient to support joint liability. We conclude so. If the facts alleged in plaintiffs' complaint and original defendant's complaint are established there would be joint tortfeasors here and joint negligence would exist.

Therefore, April 30, 1948, the motion to dismiss is overruled.