## Brillhart v. Edison Light & Power Co. et al.

*Laucks & Laucks, Anstine & Shadle* and *Fisher, Ports & May,* for original defendants.

*Markowitz, Liverant & Ruch,* for additional defendant.

ANDERSON, J., July 12, 1948.—In this proceeding in trespass original defendants seek to join P. W. Strickland as an additional defendant and have filed complaints as required by Pa. R. C. P. 2252. Additional defendant Strickland has filed preliminary objections to the complaints filed by original defendants and has moved to quash the writ seeking joinder.

To comprehend the situation it is necessary to have a résumé of the facts. Plaintiff, as the administratrix of her husband's estate, originally brought suit against two defendants alleging that they were responsible for the death of her husband, who was electrocuted while installing an electric water pump on the property of Bortner, one of defendants, when a pipe which he was holding projected through the roof of the pump house and came in contact with uninsulated wires, some 21 feet above the ground. It is alleged that these wires were erected and maintained by the Edison Company, other defendant. Plaintiff alleges in her complaint inter alia that the Edison Company was negligent in placing its high tension wires too near the pump house of Bortner; in failing to have the wires insulated, and in failing to have any warning signs on or about the poles carrying the wires. Plaintiff alleges as to other defendant, Bortner, that he was negligent and contributed to the death of her husband by failing to warn him of the danger of the high voltage current carried by the wires above the pump house and in failing to notify the Edison Company to turn off the current while the work was being done and further in failing to notify and compel the Edison Company to properly insulate the wires where they came in close contact with his property.

Original defendants now seek to join Strickland, the employer of decedent, alleging that he was negligent and contributed to the death of decedent in failing to warn his employe of the manner in which to safely

install the pump and accessories without coming in contact with the charged electric wires and averring that additional defendant is liable over, or is jointly, or severally, or jointly and severally liable with defendants, or one of them, for the death of decedent.

Additional defendant raises the point in his preliminary objections that the facts alleged in defendants' complaints if true would not show that he is either liable over, or jointly and/or severally liable with defendants for the death of decedent but on the contrary show only that he is solely liable for the death. And it is further and very properly contended that if the only basis for joinder is that of sole liability, the joinder is improper since the statute of limitations has tolled any cause of action which plaintiff may have had against Strickland and further that the only possible liability of Strickland to plaintiff is under the Workmen's Compensation Act. There is no doubt as to the soundness of these contentions where sole liability is alleged in the complaint.

"Where the statute of limitations bars a suit directly against an alleged tortfeasor he may not be joined as an additional defendant in an action for the tort on an allegation that he is alone liable": Zachrel v. Universal Oil Products Co., 355 Pa. 324.

But even if defendants' attempt to join as an additional defendant had not been too late in the circumstances, the facts disclose that plaintiff's recovery against the employer was limited to the compensation payable under the Workmen's Compensation Act and for that reason defendant could not be joined as an additional defendant upon allegations that he was solely liable for the damages for which plaintiff sued: Zachrel v. Universal Oil Products Co., supra. However, the rule is different where defendant claims and submits facts in the complaint which indicate that additional defendant is liable over to him as in the case at bar.

"If, however, the defendant alleges facts showing that the additional defendant is liable over to him, joinder is proper. The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claims of contribution or indemnity": Goodrich-Amram Civil Procedure-Comments 2252 (a) -9.

Again concerning claims against employers we find in Goodrich-Amram's Comments on rule 2252(a) 10 the following:

"If the defendant claims that the employer is liable over to him, joinder is proper. The liability over is a matter between the defendant and the employer only and is not affected by the inability of the plaintiff to obtain relief from the additional defendant in an action at law."

Thus it is apparent that the sole question to be decided in the present situation is whether defendants have alleged in their complaints sufficient facts to indicate that additional defendant is liable over to them in whole or in part. We conclude that sufficient facts have been so averred. The facts alleged in the complaints which for the purpose of this argument must be accepted are that additional defendant as the employer of decedent entered upon the premises and inspected the same for the purpose of installing a pump and saw or should have seen the location of the wires and the fact that they were uninsulated and that he was negligent and contributed to the death of decedent by failing and neglecting to warn, instruct and advise decedent as to the method of installing the pump located under overhanging wires. Assuming these facts were submitted to a jury, it might well conclude that there was joint or concurrent liability on the part of additional defendant or defendants. Certainly the facts

as alleged by defendants do not indicate sole liability so clearly that it should be found as a matter of law. We therefore enter the following order:

And now, to wit, July 12, 1948, it is ordered, adjudged and decreed that the preliminary objections filed to defendants' complaints are overruled, the questions of law raised therein decided against additional defendant and the motion to quash the writ to join additional defendant is overruled and refused. Additional defendant is given 20 days to file an answer on the merits.