## Wolford et vir v. Chambersburg Oil and Gas Company et al

*William C. Hazlett* and *George S. Black*, for plaintiffs.

*John McD. Sharpe, LeRoy S. Maxwell* and *Edwin D. Strite*, for defendants.

WINGERD, P. J., February 26, 1952.—This is an action of trespass brought by a wife and her husband against five defendants to recover damages for injuries

sustained by the wife in a gasoline explosion. The allegations in the complaint are in short as follows: Lillian B. Pryor and First National Bank and Trust Company in Waynesboro, although sued as individuals, are the executors and trustees under the last will and testament of Albert R. Pryor, deceased, and as such, are operating gasoline filling stations, an automobile accessory, tire and recapping business and stores for the retail sale of merchandise, which business was operated by decedent and remains a part of his estate. One filling station and store of the business was operated on Second Street in the Borough of Chambersburg, Franklin County, Pa. Charles Pryor was the manager of the Chambersburg business as employe of the executors and trustees. Ralph Paull was the general manager in charge of operating the several places of business operated by the executors and trustees. Chambersburg Oil and Gas Company was a distributor of oil and gas which owned and maintained tanks and gas pumps on the premises operated by the executors and trustees on Second Street in Chambersburg, Pa., and the supplier at wholesale of the gas and oil which was sold from the premises by the executors and trustees. The gasoline explosion occurred in the building on North Second Street in which wife plaintiff was employed as a clerk or bookkeeper, in the operation of the business by the executors and trustees. Plaintiff wife and husband allege in their complaint, as amended, that the explosion was caused "entirely by the negligence of each or all of the defendants", alleging certain facts which they contend constituted such negligence.

The executors and trustees, Charles Pryor and Ralph Paull, filed preliminary objections to plaintiffs' complaint and the oil company filed an answer. The preliminary objections are based on the contention that

wife plaintiff, who was injured, was an employe of the executors and trustees, Charles Pryor and Ralph Paull, therefore the exclusive remedy of wife plaintiff and consequently of her husband, for her injuries, was under The Workmen's Compensation Act and the four defendants cannot be sued in trespass for the injuries sustained by wife plaintiff and that the action should be dismissed as to these four defendants.

On October 8, 1951, plaintiffs moved to amend their complaint and a rule was issued on defendants to show cause why the amendment prayed for should not be allowed. All the defendants filed answers objecting to the amendment. The matter was argued and this court, in an opinion and decree filed December 21, 1951, allowed the amendment. On December 28, 1951, all the parties entered into a stipulation, which was filed January 10, 1952, agreeing that plaintiffs' complaint shall be considered as amended as fully as if an amended complaint had been filed and that the answers of the oil company and the preliminary objections of the other four defendants shall be considered as renewed and of the same effect as if they were filed to the complaint as amended.

Plaintiffs question the preliminary objections on the ground that the executors and trustees, Charles Pryor and Ralph Paull, are not employers within the purview of The Workmen's Compensation Act.

The contention as to the executors and trustees is that they are really agents or employes of the estate of decedent and the estate of decedent is the real employer. There seems to be no real basis for this contention.

Although plaintiffs' complaint alleges that wife plaintiff was an employe of the executors and trustees and we could rest upon that admission, since the contention is made that the relationship shown did not constitute the executors and trustees employers under

The Workmen's Compensation Act, we feel it desirable to analyze the situation and show that, in fact, they were employers and the wife plaintiff their employe within the purview of The Workmen's Compensation Act.

An executor, as a general rule, is personally liable for contracts entered into by him in his fiduciary capacity, except where exempted therefrom by statute,[1] although he is entitled to be reimbursed from the estate being administered by him, if the contract was within his authority and a proper contract, and the persons making contracts with him may, under some circumstances, recover directly against the estate on the theory that they are subrogated to the rights of the executor to reimbursement or on equitable principles: Fritz v. Thomas, 1 Wharton 65, 70; Grier v. Huston, 8 S. & R. 402, 404-05; Williamson's Appeal, 94 Pa. 231; Gebler v. Culin, 6 Phila. 130; Oram's Estate, 9 Phila. 358; 21 Am. Jur., Executors and Administrators, §§257, 258 and 260.

In the instant case the executors and trustees, as they have been operating for a long period of time, a business which had been operated by decedent, are acting in the capacity of trustees.[2] In A. L. I. Restatement of the Law of Trusts, §261, it is said: "The trustee is subject to personal liability to third persons on obligations incurred in the administration of the trust to the same extent that he would be liable if he held the property free of trust"; in section 262: "Except as stated in §263, the trustee is subject to personal liability upon contracts made by him in the course of

1. The Act of June 24, 1939, P. L. 871, 20 PS §§1171, 1172 and sections 522 and 939 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §§320.522 and 320.939, applying to written instruments are inapplicable to the instant case.

2. Sections 504 and 934 of the Fiduciaries Act of 1949, 20 PS §§320.504 and 320.934, are inapplicable to the instant case.

the administration of the trust." (Section 263 deals with contracts in which there was a special provision that the trustee should not be personally liable.) ; in the first paragraph of comment (a), section 262: "The trustee is personally liable upon a contract made by him in the course of the administration of the trust, whether or not in making the contract he is properly performing his duties as trustee." [1]

In the Pennsylvania annotations there are no Pennsylvania cases under section 261, but as to the first paragraph of section 262, comment (a), the cases cited seem to be in accord with it.

A trustee has the right to employ labor or obtain services where necessary in the course of the administration of the trust but, like other contracts, the trustee is personally liable, although if a proper and reasonable employment, the trustee has the right to indemnity from the trust fund and the employe can, if necessary, recover directly against the trust fund on the theory of subrogation or on equitable principles. See 54 Am. Jur., Trusts, §360.

In the instant case the only facts we have are that the executors and trustees have been operating, for a long time, the business formerly operated by decedent and that they employed wife plaintiff in connection with the operation of that business. Under these facts, they became personally liable to her for her wages and she became their employe.

In The First National Trust and Savings Bank v. Industrial Accident Commission, 213 Cal. 322, 2 P. 2d 347, it was held that an executor, continuing his decedent's business, is personally liable for workmen's compensation to a person employed by him in conducting decedent's business for a compensable injury.

The executors and trustees were clearly employers of wife plaintiff and wife plaintiff was injured in the

---

[1] See footnote 1, page 499, supra.

course of such employment. As it is not alleged that either elected to reject The Workmen's Compensation Act, its provisions apply and neither the employe nor her husband nor both can maintain a suit in trespass against the employers. The Workmen's Compensation Act of June 2, 1915, P. L. 736, secs. 301, 302(a), and 303, all as amended, 77 PS §§431, 461, and 481; Swartz v. Conradis, 298 Pa. 343; Moffett v. Harbison-Walker Refractories Company, 339 Pa. 112; Capozzoli, Admx., v. Stone & Webster Engineering Corporation, 352 Pa. 183, 186-87.

As to Charles Pryor and Ralph Paull, it is alleged ". . . she (wife plaintiff) did and performed her duties and services, as employee, under the immediate direction of Charles Pryor and also under the direction of Ralph Paull, and under the direction of Lillian B. Pryor and First National Bank and Trust Company in Waynesboro."

Although they both were in more important positions than wife plaintiff, they were, nevertheless, employes of the executors and trustees and coemployes of wife plaintiff. An employe, with the power to direct the work of another employe and for whose negligence the main employer is liable, is not an employer of the employe, over whose activities he has control, under The Workmen's Compensation Act. In Zimmer v. Casey, 296 Pa. 529, 540, it is stated:

"The liability at common law of one servant to another for a negligent act does not spring from a contract between the person injured and the person whose negligence caused the injury, but on a failure to perform a duty imposed by law which results in injury to another. There is no subsisting contract between fellow servants. While one coemployee may hire, direct and discharge another employee, this is done as the representative of the master. He directs the duties to be performed, and where the duty is negligently done

so that a coemployee or fellow servant is injured, such an act is in violation of a duty enjoined," and on page 538, "The compensation law did not write a contract between two servants through the common master. When the term 'third party' is mentioned in The Workmen's Compensation Act, it means any person other than the master, or those whom the act makes master, and the employee who is seeking compensation under their agreement. The act is careful to preserve the status of a third person by not defining the term; so the presumption must be that the law as to third persons in every respect stands as it was before the act."

From the foregoing case it seems clear that an employe has a right of action for injuries caused by the negligence of a coemploye, although such coemploye may be a superior employe, such as a manager. The Workmen's Compensation Act applies to the employer and his employe and the injured employe has no right of action in trespass against the employer, but may have a right of action against his coemploye. The Workmen's Compensation Act has not changed the responsibility of one employe to a coemploye injured by his negligence but such an employe is considered, under the act, as a third person, in his relation to the injured employe, as fully as if he had not been a coemploye or connected with the business in which the injured employe was employed and the injured employe had suffered such injury by his negligence.

Wife plaintiff and her husband have a right to bring an action in trespass against Charles Pryor and Ralph Paull on the grounds of injuries suffered through their several or joint negligence and are not precluded therefrom by The Workmen's Compensation Act.

It is contended by the oil company that the case should not be dismissed against the executors and trustees even though plaintiff wife and husband have no right to bring an action in trespass against the execu-

tors and trustees because the oil company has a right under Pa. R. C. P. 2252 to join the executors and trustees as additional defendants. The basis of this right is that if wife plaintiff was injured by the joint negligence of the oil company and the executors and trustees, then, although plaintiffs have no right to recover against the executors and trustees, if a verdict were rendered against the oil company and the executors and trustees jointly, the oil company would have a right to contribution from the executors and trustees as joint tortfeasors. The reason for this is, that then not only the respective rights of plaintiffs and defendants, whom they have a right to sue in trespass, can be determined in one proceeding but also the right to and the amount of contribution, if any, to which the oil company is entitled from the executors and trustees.

As to the right of the oil company to bring in the executors and trustees as additional defendants, on the ground that they are jointly liable with the oil company, there can be no doubt: Maio, Executrix, v. Fahs et al., 339 Pa. 180; 14 A. 2d 105.

It is also clear that no original action against the executors and trustees can be maintained by wife plaintiff and her husband (Maio, Executrix, v. Fahs et al., 339 Pa. 180, 187) and that the executors and trustees can only be brought on the record as additional defendants on the basis that they are jointly liable to plaintiffs or liable over to the oil company defendant and not on the basis that they are alone liable to plaintiffs: Jackson v. Gleason et al., 320 Pa. 545, 547, 182 Atl. 498; Murray et ux., v. Lavinsky et al., 120 Pa. Superior Ct. 392, 394, 182 Atl. 803; Zachrel, Admx., v. Universal Oil Products Company et al., 355 Pa. 324, 330-31; Goodrich-Amram Civil Practice, Joinder of Additional Defendants, sec. 2252(a) 10. As we understand the foregoing authorities; when plaintiff has no right to maintain an action in trespass against a cer-

tain person, that person cannot be brought in as an additional defendant on the ground that he is solely liable to plaintiff, for there would be no reason therefor. Original defendant could defend on the ground that such person was solely liable without having him joined as an additional defendant, and a verdict against such person would mean nothing, for plaintiff had no right to sue him and, if he were solely liable, original defendant would have no right to contribution.

In the instant case, as the right of plaintiffs against the executors and trustees is solely under The Workmen's Compensation Act, a joinder by the oil company of the executors and trustees as additional defendants can only be allowed if it is on the ground that the executors and trustees are jointly liable with or liable over to the oil company for injuries suffered by wife plaintiff. When an original defendant brings in an additional defendant, although it may charge him in the alternative, that is, as solely or jointly or liable over, the complaint which must be filed by original defendant must set forth the facts relied upon to establish the liability alleged. Pa. R. C. P. 2252(b) concerning joinder of additional defendants, states:

"The defendant or additional defendant shall file with the præcipe a complaint, in the manner and form required of the initial pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded."

It follows that a mere allegation that an additional defendant is jointly liable with defendant is not sufficient but facts must be alleged in the complaint sufficient to sustain such allegation of liability.

It is said in Zachrel, Admx., v. Universal Oil Products Company et al, 355 Pa. 324, 328:

"A bald allegation that an additional defendant is jointly liable with the defendant is, at best, '. . . a

mere conclusion of law and amounts to nothing as a pleading': Schuster v. Largman, 318 Pa. 26, 33, 178 A. 45." and on page 329. "And, Rule 2255(a) provides that '. . . (The) pleadings, between the party joining an additional defendant and the additional defendant shall be same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant'. As noted in Lumen v. Paley, 342 Pa. 317, 319, 20 A. 2d 752—'. . . we have pointed out on numerous occasions (that) a writ of scire facias (now a præcipe and complaint) to join an additional defendant is not only a method of bringing a party into court, but is also a pleading and must state a good cause of action'."

The complaint of plaintiffs alleges sole liability of the executors and trustees as well as joint liability. Plaintiffs have no right to sue the executors and trustees in trespass at all. This court does not see how it can assume on what ground the oil company can or will join the executors and trustees as additional defendants or relieve the oil company from stating the facts on which it bases its right to join the executors and trustees as additional defendants. The executors and trustees have a right to have the action in trespass brought by plaintiffs against them dismissed and the oil company has a right to bring in the executors and trustees as additional defendants but only by filing a complaint which shows that they are either jointly liable with or liable over to it for the injuries to wife plaintiff. The executors and trustees have the right, if brought in by the oil company as additional defendants, to know from the complaint filed by the oil company the facts on which the oil company claims they are jointly liable with or liable over to it for such injuries and to plead to such complaint. This court cannot see how it can properly allow the executors and trustees to remain as original defendants because the

oil company has said that it will bring them in as additional defendants if the present action is dismissed as to them.

Now, February 26, 1952, the preliminary objections of Lillian B. Pryor and First National Bank and Trust Company in Waynesboro, defendants, are sustained and the action as to them is dismissed. The preliminary objections of Charles Pryor and Ralph Paull, defendants, are overruled and dismissed, and each may file an answer within 20 days from this date.