## Roche v. Piercy

*Richard Fine,* for plaintiff.

*Michael Donahoe* and *Joseph Murphy,* for defendants.

*Michael Rowland,* pro se.

*John Byrne,* for additional defendants.

MUNLEY, *J.*, November 7, 1979—This wrongful death and survival action comes before the court by

way of the preliminary objections to the new matter of the original defendants' complaint joining Evelyn Roche and the third party complaint joining Donald Roche as additional defendants. The objections raise several issues for review.

The case arises out of a three vehicle accident which occurred on February 7, 1978 on Honesdale Road, Carbondale Township, Pa. Decedent, Diana Roche, age 16, died when her snowmobile was allegedly struck by the Pilney vehicle which was being operated by defendant Michael Rowland and was thereafter struck by the Piercy vehicle. Original defendant Pilney joined Evelyn Roche as an additional defendant by answer and new matter and joined Donald Roche by an additional defendant complaint. The allegations against them essentially aver negligence on their part for permitting a minor to operate their snowmobile with or without their authorization and for violating the provisions of the Snowmobile Act, 75 Pa.C.S.A. §7701 et seq.

The first issue is the question of whether the new matter and cross-complaint are barred by the wrongful death action statute of limitations. The complaint was filed on January 18, 1979 seeking damages against the original defendants as a result of an accident on February 7, 1978 which resulted in the death of plaintiff's decedent on February 9, 1978. The complaint was served on all of the original defendants by February 5, 1979. Neither the new matter nor the cross-complaints alleging sole liability over were filed by February 9, 1979 and this forms the basis for the first objection.

When the statute of limitations bars suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in a tort action on allegations of the original defendant's complaint that he is solely liable to plaintiff: Zachrel v. Universal Oil

Products Co., 355 Pa. 324, 49 A. 2d 704 (1946). The question is therefore controlled by the effect of the Judicial Code, 42 Pa.C.S.A. §5524(2), insofar as it changes the limitations period for wrongful death actions.

The complaint in this matter was filed after the effective date of section 5524. Therefore this section is controlling for purposes of determining whether any additional defendants may be joined. In this respect it may be helpful to review the examples set out at page VIII of the Judicial Code, 42 Pa.C.S.A., 1979 pamphlet, and in particular Example No. 3. Assuming that the cause of action is not barred prior to the effective date of the code, i.e., June 27, 1978, it is the statute at the time of filing and not the statute at the time of death which controls, subject to the limitations of 1 Pa.C.S.A. §1975. Suffice it to say that in this matter all additional defendants have been timely joined.

Another issue raised by the objections is whether the negligence of decedent may be imputed to her parents and whether the Snowmobile Act precludes liability by the parents to their child's estate.

Interfamily immunity no longer exists in Pennsylvania: Falco v. Pados, 444 Pa. 372, 282 A. 2d 351 (1971). In an action brought by one spouse, the other may be joined as an additional defendant: Policino v. Ehrlich, 478 Pa. 5, 388 A. 2d 968 (1978). Additional defendants argue that they may not be joined because they are the sole heirs of their daughter's estate and therefore cannot be liable to it. We think it significant that Evelyn Roche brought this action in a representative capacity as a representative of the estate of her daughter, not in a personal capacity, and that Donald Roche is not a party plaintiff in this suit. Since their own conduct

may be a contributing factor in this cause of action they are properly joined as additional defendants: Pa.R.C.P. 2252.

The final argument involves the proper interpretation of the relevant portions of the Snowmobile Act, 75 Pa.C.S.A. § 7729. Additional defendants maintain that the section exculpates them from liability since they are alleged to be the owners of the snowmobile being operated by the deceased at the time of the accident which caused her death.

The act states the general rule that negligence in the use or operation of the snowmobile is attributable to the owner thereof for death or injury to a person resulting from negligence in the use or operation of such snowmobile by any person using or operating the snowmobile with the owner's permission, express or implied: 75 Pa.C.S.A. § 7729(a). The act also states the exception to the rule, namely, that the negligence of the operator shall not be attributed to the owner as to any claim or cause of action accruing to the operator or his legal representative for such injuries or death: 75 Pa.C.S.A. § 7729(b). We think the intent of the legislation is clear: in general the negligence of the operator of a snowmobile may be imputed to its owner except where the person seeking to impute such negligence is the operator himself or his legal representative, in which case he must independently prove the negligence of the owner in order to recover. Were it otherwise every snowmobile owner would become the absolute insurer of its nonowner operators. The statute says plainly that in such an instance an operator must prove negligence on the part of the owner and not simply rely upon the imputation of his own negligence to sustain a recovery against the owner.

Furthermore, the additional defendants are joined on the alternative theory that the accident in question was caused by their own negligence in entrusting the operation of a snowmobile to a legally incompetent operator. It seems to us that these allegations fall entirely outside the scope of section 7729.

## ORDER

Now, November 7, 1979, the said preliminary objections are denied.